IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACK COMBS, :
:
    Petitioner :
:
v. : CIVIL NO. 4:CV-17-61
:
SUPERINTENDENT BRITTAIN, : (Judge Brann)
:
    Respondent :

## **MEMORANDUM**

February 1, 2017

**Background**

    Jack Combs filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, while confined at the State Correctional Institution, Frackville Pennsylvania (SCI-Frackville).[1]  Named as Respondent is SCI-Frackville Superintendent Brittain.  The required filing fee has been paid.  Service of the Petition has not yet been ordered.

    According to the Petition, Combs was convicted in 1990 of third degree murder in the Court of Common Pleas of Philadelphia County, Pennsylvania.  See Doc. 1, ¶ 3.  He was thereafter sentenced to a mandatory term of life

---

[1] After the filing of this matter, Petitioner notified the Court that he had been transferred to the State Correctional Institution, Dallas, Pennsylvania.  See Doc. 4.

imprisonment.   See id.  Petitioner's pending action challenges the legality of his conviction on the grounds that the homicide detectives involved in this arrest and prosecution coerced witnesses and were recently indicted for framing innocent people for murder.

## Discussion

A § 2254 habeas corpus petition may be filed in the district where the applicant is confined or in the district where he was convicted.  Fletcher v. Rozum, 2008 WL 2609826 * 2 (E.D. Pa. 2008).  28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner is attacking the legality of a conviction which was obtained in the Court of Common Pleas of Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.  See 28 U.S.C. § 118.

As noted above, under § 2241(d), the district court for the district in which a habeas petition is filed "in the exercise of its discretion and in furtherance of justice may transfer the application." Moreover, 28 U.S.C. § 1404(a) states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court may transfer a habeas petition pursuant to § 1404(a). See In re Nwanze, 242 F.3d 521, 526, n. 2 (3d Cir. 2001)(§ 1404(a) applies to transfers of habeas corpus petitions); Fletcher, 2008 WL 2609826 at * 2.

The state trial court, as well as any records, counsel, and other witnesses, are located within the Eastern District of Pennsylvania. As such, it would be prudent to transfer this action to that court. An appropriate Order will enter.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge